# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DURA AUTOMOTIVE SYSTEMS, INC., et al.,[1] | ) | Case No. 06-11202 (KJC) |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| Reorganized Debtors. | ) | |
| _____ | ) | |
| James W. Korth | ) | |
| Appellant | ) | |
| | ) | Civil Action No. 08-349 (SLR) |
| v. | ) | |
| | ) | Bankruptcy Appeal No. 08-36 |
| Dura Automotive Systems, Inc., et al.,[2] | ) | |
| | ) | |
| Reorganized Debtors/Appellees | ) | |
| _____ | ) | |

## REPLY BRIEF IN SUPPORT OF REORGANIZED DEBTORS' MOTION TO DISMISS APPEAL AS EQUITABLY MOOT

*Appellant's Response to Reorganized Debtors' Motion to Dismiss Appeal as Equitably Moot* [District Docket No. 9] (the "Response") fails to present a single argument or point to any evidence in the record that could refute the overwhelming evidence in the record supporting dismissal of Mr. Korth's appeal as equitably moot:

- *The Revised Plan Has Been Substantially Consummated.* Virtually all of the transactions contemplated by the Reorganized Debtors' confirmed plan of reorganization (the "Revised Plan") were completed on or shortly after the Effective Date, including consummating new money loan transactions from a range of third parties and using those proceeds to pay DIP lenders and other parties who were entitled to receive cash distributions under the Revised Plan. *See Brief in Support of*

---

[1]    The "Debtors" comprise the entities set forth in the Order Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure Directing Joint Administration of the Reorganized Debtors' Chapter 11 Cases, entered on October 31, 2006 [Bankruptcy Docket No. 68]. The Debtors became the "Reorganized Debtors" on June 27, 2008 (the "Effective Date"), when their confirmed plan of reorganization became effective.

[2]    The "Appellees" comprise the Reorganized Debtors.

*Reorganized Debtors' Motion to Dismiss Appeal as Equitably Moot* [District Docket No. 8] (the "Brief in Support") at pp. 30-31;

- *The Confirmation Order Was Not Stayed.* The Bankruptcy Court denied Mr. Korth's motion to stay the Confirmation Order[3] because it found no evidence in the record to support such a stay. Brief in Support at pp. 32-33. Indeed, granting such a stay to allow Mr. Korth what amounts to a "do-over" is antithetical to public policy in view of the harm that would be visited upon the Reorganized Debtors and their creditors, in addition to the fact that vacating the Confirmation Order and unwinding all of the transactions consummated on the Effective Date so as to put all of these parties back to the status quo ante would be virtually impossible. Plus, such a stay would cause unfathomable harm to the thousands of the Reorganized Debtors' employees, their suppliers and customers in the midst of one of the most trying periods in the history of the U.S. automotive industry. Brief in Support at pp. 37-38;

- *Appellate Relief Would Abrogate the Revised Plan.* The relief sought via the Appeal would abrogate the Revised Plan—to the detriment of all creditors entitled to receive recoveries thereunder. Brief in Support at pp. 34-37; and

- *Non-Creditor Parties Relied Upon the Confirmation Order's Finality.* A great many third parties, including lenders not previously parties-in-interest in the chapter 11 cases, relied upon the finality of the Confirmation Order when the Revised Plan was substantially consummated by infusing a total of nearly $260 million and €65 million to the Reorganized Debtors on the Effective Date. Brief in Support at pp. 21-22, 33-34.

Mr. Korth's sole argument that his appeal is not equitably moot is without either legal or factual merit. The Response asserts that Mr. Korth's appeal is not equitably moot because the results[of his appeal will "affect only the common stock holders[,] and the company itself and its creditors, employees and suppliers and customers will be unaffected." Response at p. 13. But in so doing, Mr. Korth fails to appreciate that a successful appeal would result in a fundamental change to the assumptions underlying the Revised Plan—and to the recoveries of both the Senior Noteholders and the Second Lien Lenders, at the very least. Rule 3019 dictates that the Bankruptcy Court would have to re-open the chapter 11 cases to permit re-solicitation of votes to accept an amended Revised Plan. Brief in Support at pp. 30-31, 36; *see also In re Dura*

---

[3]  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Brief in Support.

K&E 13247888

RLF1-3315445-1

*Automotive Systems, Inc.*, Case No. 06-11202 (Bankr. D. Del.), Hrg. Tr. June 5, 2008, at pp. 8-9 (Mr. Higgins). That, in turn, would necessitate unwinding the rest of the transactions consummated on the Effective Date by third parties who relied upon the Confirmation Order. Brief in Support at pp. 2, 30-31; *see also In re Continental Airlines*, 91 F.3d 553, 562 (3d Cir. 1996) ("High on the list of prudential considerations taken into account by courts considering whether to allow an appeal following a consummated reorganization is the reliance by third parties, in particular the investors, on the finality of the transaction."); *In re Zenith Electronics Corp.*, 250 B.R. 207, 218 (D. Del. 2000) (same). There thus can be only one conclusion: Mr. Korth's appeal is equitably moot, and should be dismissed as such.

### The Remainder of Mr. Korth's Response Should Be Disregarded

The remainder of Mr. Korth's Response is not germane to the issue of whether Mr. Korth's appeal is equitably moot. Indeed, Mr. Korth makes a series of unfounded allegations that should be dismissed out of hand. The remainder of the Response should either also be disregarded or used as an independent basis for dismissing the appeal. For example, the Response suggests that Mr. Korth intends to prosecute his appeal (if it is not dismissed first) on a different issue than that presented in his *Statement of the Issues to be Presented and the Items to be Included in the Record on Appeal of Confirmation Order for Revised Joint Plan of Reorganization* [Bankruptcy Docket No. 3394] (the "Statement of Issues"). Moreover, Mr. Korth has once again seemingly admitted that he is apparently representing the interests of other parties without the benefit of counsel. Both of these assertions potentially present further bases for dismissing the appeal.

K&E 13247888
RLF1-3315445-1

### *Mr. Korth's Conspiracy Theories Should Be Disregarded*

*First*, Mr. Korth asks this Court to "set aside the legal fine points and the issues of procedure and timing" and consider a range of completely unfounded conspiracy theories. Response at p. 5. The Reorganized Debtors respectfully request that these theories be disregarded in their entirety. *See, e.g.*, *In re Johnson*, 236 B.R. 510, 523 (D. D.C. 1999) (affirming bankruptcy court decision disregarding unsupported *ad hominem* attacks contained in pleadings).

### *Mr. Korth Cannot Raise New Issues for Appeal*

*Second*, Mr. Korth is apparently intending to raise a completely new issue on appeal:

> The 8 5/8% Notes were issued in contravention of the Indenture
> for the 9.0% Senior Subordinated Notes and Consequently They
> are Parri Passu with the 8 5/8% Notes.

Response at p. 7. Mr. Korth did not include this issue in his Statement of Issues. *See* Statement of Issues. Mr. Korth chose instead to restrict the scope of his appeal to purely procedural issues. *See In re Dura Automotive Systems, Inc.*, Case No. 06-11202 (Bankr. D. Del.), Hrg. Tr. June 5, 2008, at pp. 11-19 (denying Mr. Korth's motion for a stay and discussing each of Mr. Korth's procedural objections). Mr. Korth cannot now raise new issues for appeal.[4] *In re Columbia Gas System, Inc.*, 146 B.R. 106, 100 (D. Del. 1992) (refusing to consider on appeal issues not included in statement of issues and deeming those issues waived); *In re Pine Mountain, Ltd.*, 80 B.R. 171, 183 (9th Cir. BAP 1987) (issues not included in a statement of issues pursuant to Bankruptcy Rule 8006 are waived by the appealing party); Raskin v. Malloy, 231 B.R. 809, 811 (N.D. Okla. 1997) (same); *In re Freeman*, 124 B.R. 840, 841 (N.D. Ala. 1991) (same).

---

[4]    In his Response, Mr. Korth stated "I hereby limit the scope of my appeal to only my first objection which is 'The 8 5/8% Notes were issued in contravention of the Indenture for the 9.0% Senior Subordinated Notes and Consequently They are Parri Passu with the 8 5/8% Notes,'" though given how that issue is beyond the permissible scope of Mr. Korth's appeal, his entire appeal should therefore be denied. Response at p. 7.

4

In any case, even if Mr. Korth could raise this issue on appeal, the evidence in the record on this issue is incontrovertible—and uncontested by anyone—including Mr. Korth.[5]    The Subordinated Notes are not entitled to any recoveries because they are properly subordinated to the Senior Notes, and the Senior Notes did not receive full recoveries.  *See* Brief in Support at pp. 4-7; Revised Plan at Art. III.B.4(b).

### Mr. Korth Has Apparently Asserted That He Is Engaging in the Unauthorized Practice of Law

Mr. Korth states in his Response that he is not represented by counsel in this appeal—nor was he represented by counsel when he objected to confirmation of the Revised Plan.  Yet the Response also openly asserts that Mr. Korth is purporting to represent a host of unnamed Subordinated Notes holders in this appeal.   This he cannot do—as the Bankruptcy Court so informed him several months ago, when he purported to represent his corporation and the Ad Hoc Committee of Subordinated Noteholders while he was acting in a *pro se* capacity.  *Motion for Expedited Hearing for J W Korth Ad Hoc Committee of Creditors Pro Se Motion for Inspection of Books and Records Under Federal Bankruptcy Rule 2004* [Bankruptcy Docket No. 3042] (the "Korth Motion for Expedited Hearing").   In response to these assertions, the Bankruptcy Court informed Mr. Korth that he could not represent other entities in a *pro se* capacity, stating in an order that, "under applicable law, Korth & Co. and the Ad Hoc Committee are both entities that may appear in this Court only by an attorney qualified and admitted to practice in this Court."   *Order re Motion for Expedited Hearing for J W Korth Ad Hoc*

---

[5]   Mr. Korth did not cross examine the witness proffered by the Debtors in response to Mr. Korth's confirmation objection.  *In re Dura Automotive Systems, Inc.*, Case No. 06-11202 (Bankr. D. Del.), Hrg. Tr. May 13, 2008, at p. 31.  Mr. Korth chose not to attend the Confirmation Hearing, and thus was constrained from conducting any such cross-examination, despite a clear warning from the Bankruptcy Court at a hearing the day before the Confirmation Hearing that he would have to appear in person in order to cross examine any witnesses.  *See generally In re Dura Automotive Systems, Inc.*, Case No. 06-11202 (Bankr. D. Del.), Hrg. Tr. May 12, 2008, at pp. 16-17; *In re Dura Automotive Systems, Inc.*, Case No. 06-11202 (Bankr. D. Del.), Hrg. Tr. May 13, 2008, at pp. 6-9.

*Committee of Creditors Pro Se Motion for Inspection of Books and Records Under Federal Bankruptcy Rule 2004 [Docket No. 3042]* [Bankruptcy Docket No. 3056].

Mr. Korth subsequently stated on the record that "I'm here for myself and not for the ad hoc committee or J.W. Korth and Company." *In re Dura Automotive Systems, Inc.*, Case No. 06-11202 (Bankr. D. Del.), Hrg. Tr. Apr. 3, 2008, at p. 9. In his subsequent confirmation objection, his appeal thereof and his motion to stay the confirmation order (which the Bankruptcy Court denied on June 5, 2008), Mr. Korth also purported to represent only himself. *See Motion for Stay Pending Appeal* [Bankruptcy Docket No. 3383] (signed "James W. Korth - For Himself"); *Notice of Appeal* [Bankruptcy Docket No. 3382] (same); *Objection by J W Korth to the Confirmation of the Revised Plan of Reorganization* [Bankruptcy Docket No. 3238] (same).

Nothing has changed. Mr. Korth is not an attorney, and he is not represented by counsel. Moreover, Mr. Korth filed his appeal solely on his own behalf. He thus cannot purport to represent others in this appeal. The Reorganized Debtors therefore respectfully note that, to the extent that Mr. Korth is indeed representing others as a *pro se* appellant, it is well settled that Mr. Korth's appeal could be dismissed on that basis. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993) (holding that non-lawyers may not represent others in federal courts because that constitutes the unauthorized practice of law); *National Indep. Theatre Exhibitors v. Buena Vista Distrib.*, 748 F.2d 602, 609 (11th Cir.1984) (same); *In re Tamojira, Inc.*, 20 Fed. Appx. 133 (4th Cir. 2001) (dismissing appeal where the appeal constituted engaging in the unauthorized practice of law).

*       *       *       *       *

6

## CONCLUSION

Mr. Korth's Response presents no valid objection to the Motion to Dismiss and the evidence in the record overwhelming supports this Court dismissing the Appeal as equitably moot. The Reorganized Debtors therefore respectfully request that the Court grant their Motion to Dismiss and award Reorganized Debtors such other and further relief as is just and proper.

Dated:  August 25, 2008
        Wilmington, Delaware

                                        _____
                                        Daniel J. DeFranceschi (No. 2732)
                                        Marcos A. Ramos (No. 4450)
                                        Jason M. Madron (No. 4431)
                                        RICHARDS, LAYTON & FINGER, P.A.
                                        One Rodney Square
                                        920 North King Street
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 651-7700
                                        Facsimile: (302) 651-7701
                                        Email: defranceschi@rlf.com
                                               ramos@rlf.com
                                               madron@rlf.com

                                        –and–

                                        KIRKLAND & ELLIS LLP
                                        Marc Kieselstein, P.C.
                                        Roger J. Higgins
                                        Ryan Blaine Bennett
                                        200 East Randolph Drive
                                        Chicago, Illinois 60601
                                        Telephone: (312) 861-2000

                                        COUNSEL FOR THE
                                        REORGANIZED DEBTORS

## CERTIFICATE OF SERVICE

I, Marcos A. Ramos, do hereby certify that on August 25, 2008, a copy of the foregoing **Reply Brief in Support of Reorganized Debtors' Motion to Dismiss Appeal as Equitably Moot** was served on the attached service list in the manner indicated thereon.

_____
Marcos A. Ramos (No. 4450)

**James W. Korth v.**
**Dura Automotive Systems, Inc., et al,**
**Civ. Action No. 08-349 (SLR)**
**Service List**

## Via Hand Delivery

William K. Harrington
Office of the United States Trustee
844 King Street, Suite 2313, Lockbox 35
Wilmington, DE 19899-0035

*Representing the Official Committee of Unsecured Creditors*
M. Blake Cleary
Edmon Morton
Erin Edwards
Young Conaway Stargatt & Taylor, LLP
P.O. Box 391
The Brandywine Building
1000 West Street, 17th Floor,
Wilmington, DE 19899-0391

## Via First Class Mail

*Representing Official Committee of Unsecured Creditors*
Thomas Moers Mayer
David M. Feldman
Douglas Mannal
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

James W. Korth
2701 S. Bayshore Drive, Suite 305
Coconut Grove, FL 33133

James W. Korth
3339 Virginia Street
Suite 104
Miami, FL 33133

RLF1-3307944-2